## CHARLEY EVANS v. THE STATE.

No. 2984. Decided March 25, 1904.

**1.—Severance—Parties Affected Must Be Under Court's Control.**

Where joint defendants invoke the right of severance under the statute, all those who are to be affected must be within the jurisdiction and control or the authority of the court, and where at the time defendant's case was called his co-defendant was in another county and had forfeited his bond and the severance would have operated a continuance, there was no error to set aside an order for a severance, made in the absence of said co-defendant, and to place defendant upon trial.

**2.—Charge of the Court—Harmless Error.**

While the evidence would have supported a conviction of robbery, it was not error of which appellant could complain that the court instructed the jury upon an assault with intent to commit robbery, of which offense he was convicted.

Appeal from the District Court of Lamar. Tried below before Hon. Ben H. Denton.

Appeal from a conviction of an assault to commit robbery; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*J. C. Hodges* and *B. B. Sturgeon,* for appellant.—On question of severance: Willey v. State, 22 Texas Crim. App., 408; King v. State, 35 Texas Crim. Rep., 472.

On question of court's charge on assault to commit robbery: Morris v. State, 13 Texas Crim. App., 65.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of severance: Anderson v. State, 8 Texas Crim. App., 542; Stouard v. State, 27 Id., 1; Thompson v. State, 35 Texas Crim. Rep., 511; Bryant v. State, 50 S. W. Rep., 950. On question of lesser offense: Art. 752, Code Crim. Proc., subdiv. 12.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to commit robbery, the penalty assessed being four years confinement in the penitentiary.

When the case was called for trial appellant presented a motion for severance, setting up the fact that Leonard Hyden was indicted for robbery, growing out of and being the same transaction with which appellant is charged. In said affidavit he insists that Hyden be placed upon trial first, for the reason that the evidence of said Hyden is material for the defense of this defendant; and that this defendant believes there is not sufficient evidence against said Hyden to secure his conviction. This motion was granted by the court, and the said Hyden was ordered to be first tried. Then the court of his own motion set aside said order and refused to grant defendant the right of severance and forced defendant to trial without allowing him to sever. And on November 10, 1903, made and entered the following order: "This application was by the court set aside a few minutes after the above order was made, for the reason that the court thought that the defendant Hyden was present in the court, and the State at once announced ready for trial in the Hyden case, and counsel for Hyden, part of whom were counsel for defendant Evans, said that defendant Hyden was not here, and his bond was thereupon forfeited." Appended to this bill of exceptions is the following qualification: "When this cause was called for trial on the morning of November 9th, it was passed, at the instance of defendant's counsel, until the afternoon, and I then informed them I would pass the case over until the next day, to see if defendant Hyden would come into court; and the cause was passed for that reason until the next morning. When the case was called the next morning, Hyden had not arrived, and in the meantime the sheriff of this county informed me that

Hyden had been arrested in Grayson County for robbery and was in jail there. I informed counsel that defendant would have to go to trial. As soon as the Hyden case was called and he did not answer, his bail was forfeited, and alias capias ordered for him; and he was not in the court until he was arrested by the sheriff or some of his deputies under the alias capias; and it simply meant that if the case was passed over, it would be continued for the term, as I had a number of capital cases set for that and the following week; and it was next to the last week of court and the docket was crowded. I did not know nor could I tell when Hyden would be brought back."

In this same connection bill number 2 shows, "that after defendant made the following motion, to wit, that defendant on the 9th of November filed in this court his affidavit for severance." The court granted the same and made an order accordingly. This defendant is informed and believes that Hyden is in Denison, Texas, and will be in on the 3 o'clock train this afternoon; and that the father of Hyden and J. C. Hodges, Esq., Hyden's attorney, are with said Hyden, and can not be here before the train arrives; and this defendant expects to prove by said Hyden that he was with defendant on the night and at the time of the alleged offense, and that defendant was not at the place where the State will undertake to prove that the offense was committed; and that this defendant did not rob nor have anything to do with the robbing of Allen, prosecutor. And then sets up the fact that defendant did not know of the absence of Hyden, and that he was not out on bond, and the bond having been forfeited. This bill is signed by the court with the same explanation as quoted above.

In Bryant v. State, 50 S. W. Rep., 950, a motion for new trial was made, based on the refusal of the court to grant a severance. The court overruled the motion, and entered his reasons in the judgment, as follows: "That the granting of said motion would operate a continuance of this cause, and no venires having been asked for in either of the cases against her said codefendants by either of the parties, and there not being sufficient time before the expiration of this term in which to select and summon venires in said causes, the cases against each of the said codefendants being for murder." In commenting upon this statement, the court held that the statute provides that it is not necessary for the judge to grant a severance when it will operate a continuance to either party; and also that the fact of the crowded condition of the docket precluded a trial, if the severance was granted without continuing the case, was a valid reason for the refusal. See also Stouard v. State, 27 Texas Crim. App., 1; Thompson v. State, 35 Texas Crim. Rep., 511. In Anderson v. State, 8 Texas Crim. App., 542, we held that where a party whose evidence is the subject of the severance is not present or in such situation that his case can be first tried with reasonable dispatch, it is not error to refuse the severance. Judge White, in deliver-

ing the opinion of the court, said:. "If parties could be allowed to assert such rights as are insisted on in this instance, it would only be necessary, where several were indicted and all arrested but one, for the one not so arrested to evade the process of the law—assisted in doing so, perhaps, by those who were arrested—in order to enable the latter indefinitely to postpone their trial, and ultimately in all likelihood defeat entirely, under the pretended sanction of law, the very ends of justice. Such can never have been the intention of our lawmakers in framing the wise and humane provisions of the statute." Accordingly we hold that where joint defendants invoke the right of severance under the statute, all those who are to be affected must be within the jurisdiction and control of the authority of the court. The bill of exceptions as stated above shows that appellant's codefendant Hyden forfeited his bond and ran away, and at the time defendant's case was called was in another county. The fact that he could have been brought back would not entitle appellant to such postponement, in view of the provisions of the statute which say that defendant is not entitled to a severance when it will result in a continuance of the case. The qualification of the court to the bill shows that if he had granted this severance and waited the return of Hyden, neither of said parties could have been tried during that term of the court. This being true, it certainly was not error to refuse said motion.

The only other insistence of appellant is that the court erred in submitting to the jury the law applicable to an assault with intent to commit robbery, on the ground that there is no evidence calling for such a charge. While the evidence would have supported a conviction of robbery, yet there are sufficient circumstances to authorize the court to charge on assault with intent to commit robbery. Be this as it may, it is a matter of which appellant can not complain. There is no error in the record, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]