### E. W. CONWAY v. THE STATE.

#### No. 4296. Decided March 11, 1908.

#### 1.—Forgery—Circumstantial Evidence—Charge of Court.

Where upon trial for forgery the evidence showed the circumstances in regard to the location of the parties at the time the note was alleged to have been signed, as well as comparison of handwriting, etc., there was no error to charge upon the law of circumstantial evidence, although it was perhaps unnecessary, and the same was not reversible error.

#### 2.—Same—Motion for Postponement.

Where upon trial for forgery the motion for new trial showed that defendant failed to make a motion for postponement when the case was called for trial, the same came too late, and could not be considered on appeal.

#### 3.—Same—Newly Discovered Evidence.

Where in appellant's motion for a new trial the affidavit of the alleged absent witness was not attached setting out the alleged newly discovered evidence, the same could not be considered on appeal.

#### 4.—Same—Sufficiency of Evidence.

Where upon appeal from a conviction of forgery the record showed that the evidence raised an issue of fact for the jury, a conviction will not be disturbed.

Appeal from the District Court of Parker. Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary.

The first ground of appellant's motion for a new trial in the court below is that the court erred in instructing the jury with regard to the law of circumstantial evidence. While perhaps it was unnecessary to have given the charge, yet, under the facts, we are of opinion that it was not that character of error that was prejudicial. Appellant testifies that Cole did sign the note with him as surety. Cole swears that he did not. Quite a lot of circumstances were introduced in regard to the location of the parties at the time the note should have been signed, as well as evidence along the line of comparison of handwriting. The testimony of the witnesses is to the effect that the handwriting of Cole was very similar to the name Cole signed to the note. There is also testimony showing that Cole was near the house in which the note is said to have been signed. Most of it, however, was to the effect that Cole was not in the house.

Another ground of the motion is to the effect that appellant did not have time to prepare his case for trial, having been arrested on the 19th of October, the case having been tried on the 22nd of October. It was also stated in the motion that the case was called for trial on Monday, the 21st, but postponed until the following day. After trial this motion comes too late. It is unnecessary to discuss the attitude he would have occupied had he made the motion for postponement when his case was called for trial. This is only suggested as a ground of the motion for a new trial.

Another ground of the motion is based on alleged newly discovered testimony, to wit: that appellant had been informed by Lewis of Mineral Wells that Claudie Cole (son of Dr. J. W. Cole) heard his father (J. W. Cole) say, prior to the trial, that he, J. W. Cole, had signed a note with appellant to Erwin & Co., and was going to finish paying off the note and take the buggy for which the note was due. He further swears, in his motion, that this was newly discovered and come to his knowledge subsequent to the trial. The affidavit of the alleged absent witness is not attached, nor is there any evidence in the record in regard to the matter, except this statement in the motion for a new trial, which motion is sworn to by appellant.

It is contended also that the evidence is not sufficient. We are of

opinion there is sufficient evidence in the record to warrant the jury in finding the verdict. It was an issue of fact and the jury decided it adversely to appellant.

We do not feel authorized to disturb the judgment for this reason, and it is therefore affirmed.

*Affirmed.*