## C. P. Williams v. The State.

### No. 357. Decided January 26, 1910.

**1.—Passing Forged Instrument—Charge of Court—Money—Property.**

Where upon trial for passing a forged instrument the court charged the jury that the written instrument must be such a one that if true it would have created, increased, diminished, discharged or defeated any pecuniary obligation or that would have transferred or affected any property or any money whatever, the same did not enlarge the meaning of the statute, as property would certainly include money.

**2.—Same—Charge of Court—Weight of Evidence.**

. Where upon appeal from a conviction of passing a forged instrument, it was not pointed out in the motion for new trial how the court's charge was one upon the weight of the evidence, the objection could not be considered.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where upon trial for passing a forged instrument, the evidence was not wholly circumstantial, there was no error in the court's failure to charge on circumstantial evidence.• Following Conway v. State, 53 Texas Crim. Rep., 216.

**4.—Same—Charge of Court—Circumstantial Evidence—Intent.**

The court is never required to charge the jury that the State relies upon circumstances to establish the intent with which the act was done, and where the intent with which the act is done is proven by circumstances the court is not required to charge on circumstantial evidence. Following Flagg v. State, 51 Texas Crim. Rep., 602.

Appeal from the District Court of Bosque. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for passing as true a forged instrument, the punishment being assessed at two years in the penitentiary.

The indictment contained but one count. The facts show that Mrs. M. L. Reeder lived in Bosque County at a town called Clifton; that the appellant C. P. Williams secured a check from her for $5. For what purpose the record does not disclose, but that on July 31, 1909, she gave to appellant on the Clifton State Bank, and payable to the order of appellant, a check for $5. This check was raised from $5 to $25 and was changed so as to read payable to the order of C. R. Williamson. This check was transferred to Jodie Grimland, who was in the drug business in the town of Clifton, by the defendant and he, defendant, indorsed the check at the time and claimed that Mrs. Reeder had given it to him and he, Grimland, afterwards presented the check to the bank. At the time the witness bought this check from Williams, he paid Williams $10 in money and gave him a check for $11.60, and credited Williams' account at the drug store for $3.40, making $25. Appellant claimed on the trial of the case that he had purchased this check for $25 from a man who gave his name as Williamson; that he traded him a gun and some other things and gave him $5 in addition for the check; that he had never seen that man before or since. The court gave a very full charge and at the request of appellant, gave the following: "You are instructed by the court that even though you find that the $25 check offered in evidence was a forgery, still you can not convict defendant for passing it unless you find that he forged it or knew at the time he passed it that it was a forgery, and if you have a reasonable doubt of these facts you should find defendant not guilty, even though you believe that he did pass it." In the main charge the court charged the jury that if the jury found or believed or had a reasonable doubt whether defendant bought said check from one C. R. Williamson and afterwards passed the same to Jodie Grimland and that at the time he passed the same, said check or written instrument was forged, as above defined, or that he did not pass the same with the intent to injure or defraud, they would acquit the defendant.

Appellant filed a motion for new trial on the ground that the verdict was contrary to the law and the evidence. That the trial court erred in the second paragraph of his charge to the jury in that the court charged that the written instrument must be such an instrument, if true, as would have created, increased, diminished, discharged, or defeated any pecuniary obligation or that would have transferred or affected any property or any money whatever. That the error in the court's charge consisted in using the word "money" when the statute did not use that word. It is true the statute uses the words "affect any property," but we can not say because the court used the word "money" that that gave to the offense of forgery an enlarged meaning. Property would certainly include money.

It is claimed that the court's charge is upon the weight of the testi-

mony. It is not pointed out in the motion for a new trial how the court's charge was a charge upon the weight of the testimony.

The first ground in the motion for new trial states that the court below erred in not charging on circumstantial testimony as the case involved circumstantial testimony. As the law has been written in this State the court is never required to charge upon circumstantial testimony, except in cases where the testimony is wholly circumstantial. In this case the testimony was not wholly circumstantial. Here was a check that was delivered to appellant, was identified as the check delivered; this check was directed to the Clifton State Bank, and it may be said that the forgery was proven other than circumstantially, and it may further be said that passing the instrument, knowing the same to be a forgery, was proven by circumstantial evidence. These are questions, however, involving intent which in law is discoverable by the acts of the party and when an act has been once proved in a case by direct and positive evidence, because the intent with which the act is done is proven by circumstances, the court is never required to charge the jury that the State relies upon circumstances to establish the intent with which the act was done. A case not unlike this is the case of Conway v. State, 53 Texas Crim. Rep., 216. In that case the court did charge on circumstantial evidence and in this case it was held that while it was not prejudicial, still the facts did not call for a charge upon circumstantial evidence. One of the most cogent circumstances in this case is the fact that after this check was raised to $25, appellant, when he went to the drug store to settle his account, indorsed the check. We can not see how, in this case, appellant can claim that the court should have charged on circumstantial evidence. It is true where the case rests upon circumstantial evidence it must be given in charge, and it may be stated as a general rule that where the only question to be determined by the jury is intent, the court is not required to charge on circumstantial evidence. Flagg v. State, 51 Texas Crim. Rep., 602.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*