### George Burton v. The State.

No. 1631.    Decided March 20, 1912.

Rehearing Denied April 24, 1912.

**1.—Theft of Horse—Codefendant—Severance.**

Where defendant announced ready for trial, and, after the State had introduced its testimony, offered to introduce his codefendant as a witness to which the State objected, which objection was sustained, and he thereupon asked leave to withdraw his announcement, which was refused, but he was permitted to file an affidavit of severance, which was also overruled, there was no reversible error, as defendant must have been aware of these matters before he announced ready for trial, no surprise having been shown; and this, although the codefendant's case was pending in a different court. Following Evans v. State, 46 Texas Crim. Rep., 72.

**2.—Same—Evidence—Mortgage—Consent.**

Upon trial of theft of a horse, where it was shown that the same was taken without the knowledge and consent of the owner, there was no error in rejecting testimony that the property was taken with the connivance and consent of the owner in order to defraud the beneficiary in a mortgage which the owner had given; besides, there was no evidence of any such connivance.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where the property was taken and this fact shown by direct testimony, and the question of fraudulent intent was established by circumstantial evidence, there was no error in the court's failure to charge on circumstantial evidence. Following Flagg v. State, 51 Texas Crim. Rep., 602, and other cases.

**4.—Same—Charge of Court—Intent.**

Where, upon trial of theft of a horse, the defendant claimed that he either had the consent of the alleged owner or that he took the property by direction of another whom he believed to be the owner, and the court submitted these questions under proper charges to the jury as well as the requested charges applying thereto, there was no reversible error.

**5.—Same—Charge of Court—Principals.**

Where, upon trial of theft of a horse, the evidence disclosed that the defendant and another acted together in the taking, there was no error in submitting the law of principals along with the law on fraudulent intent, and where the charge as a whole is not subject to the criticism contained in the motion for new trial, there was no error.

Appeal from the District Court of Jones. Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of theft of horses; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Brooks & Brooks,* for appellant.—On question of severance: Dodson v. State, 32 Texas Crim. Rep., 529.

On question of want of consent: Wisdom v. State, 42 Texas Crim. Rep., 579; Good v. State, 30 Texas Crim. App., 276; Wilson v. State, 12 Texas Crim. App., 481; Arcia v. State, 26 id., 193.

On court's failure to charge on circumstantial evidence: Burdett v. State, 51 Texas Crim. Rep., 345, 101 S. W. Rep., 988; Robertson v. State, 33 Texas Crim. Rep., 366.

If there is evidence that defendant took or received the property by the authority of another whom he believed to be authorized to give such authority he is entitled to an affirmative charge on this theory and is also entitled to such a charge as will fully and pertinently present said issue to the jury. White v. State, 18 Texas Crim. App., 57; Reynolds v. State, 8 Texas Crim. App., 412; Greta v. State, 9 Texas Crim. App., 429; Jackson v. State, 15 Texas Crim. App., 84; Keneda v. State, 16 Texas Crim. App., 258; Heskew v. State, 18 Texas Crim. App., 275; Anderson v. State, 8 Texas Crim. App., 542; Moore v. State, 13 S. W. Rep., 152; Melton v. State, 56 S. W. Rep., 67; Henry v. State, 9 Texas Crim. App., 358; Scott v. State, 10 Texas Crim. App., 112.

Every theory presented by the evidence in the case demands of the court a charge thereon, whether strongly or weakly supported by the testimony. McLaughlin v. State, 10 Texas Crim. App., 340; Ross v. State, 10 Texas Crim. App., 455, 462; Hackett v. State, 13 Texas Crim. App., 406.

A charge on principals should not be given unless the evidence is sufficient to raise the issue and if the evidence is sufficient to raise the issue the court in giving a charge on principals should then apply the law as given to the facts of the particular case. Riojas v. State, 8 Texas Crim. App., 49; Knowles v. State, 27 Texas Crim. App., 503-510; Bogan v. State, 49 Texas Crim. Rep., 109, 90 S. W. Rep., 171.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of theft of a horse and his punishment assessed at two years in the penitentiary.

When the case was called for trial, the appellant announced ready. A jury was empaneled, and the State introduced its testimony and rested. The appellant then called Henry Gunter as a witness. The State objected to Gunter being permitted to testify as he was indicted

for theft of the same horses in Knox County. The evidence would show that the horses belonged to Will Collins, who resided near Knox City. Gunter and appellant went out to Collins' house one evening and remained for supper. After supper they told Mr. Collins they were going to return to Knox City. The next morning Collins missed two of his horses, notified the officers, and appellant was found in possession of the horses in Anson, Jones County. Appellant admits that after leaving Mr. Collins' house, he and Gunter went into the pasture and caught the horses and carried them off, but says Gunter told him the horses belonged to him (Gunter) and he wanted appellant to carry them to Anson for him. Appellant was indicted in Jones County (where he carried the horses) and Gunter was indicted in Knox County where the horses were alleged to have been stolen. When the court sustained the objection of the State and refused to permit Gunter to testify, appellant asked leave of the court to withdraw his announcement of ready, that he might file a motion under article 707 of the Code of Crim. Procedure, asking that Gunter be first tried. The court declined to permit him to withdraw his announcement, but permitted him to file an affidavit in compliance with said article of the Code, which was by the court overruled. Appellant reserved a bill of exceptions to the action of the court, which was approved by the court with this qualification: "The above and foregoing bill is approved with the qualification and statement that the defendant had announced ready for trial, a jury empaneled to try the cause, the defendant had plead to the indictment and the State had finished its testimony in chief before said witness was placed on the stand and the objection was made, all before the severance was asked for in this cause." The application was made too late. The affidavit reads as follows:

"In the above numbered and entitled cause this day comes the defendant, George Burton, and being duly sworn, upon his oath deposeth, says and represents to the court that in a certain case pending upon the docket of the District Court of Knox County, Texas, entitled the State of Texas v. Henry Gunter, the defendant, Henry Gunter, is separately indicted for an offense growing out of the same transaction for which the defendant is indicted in this case. That the evidence of the said Henry Gunter, defendant in said aforementioned cause, is material for the defense of this affiant, in this case and that this affiant verily believes that there is not sufficient evidence against the said Henry Gunter, whose evidence is desired by this defendant to secure his, the said Henry Gunter's conviction in said aforementioned case against him, the said Henry Gunter." It is seen that appellant at the time he announced ready for trial was fully aware that Gunter was under an indictment for an offense growing out of the same transaction for which he was being tried, and article 771 of the Code provides that persons charged as principals, accomplices, or accessories, whether in the same or different indictments, can not be introduced as witnesses for one another, and appellant is presumed to have been aware

of that fact when he announced ready for trial. . In the affidavit, nor in the bill of exceptions, is it claimed that appellant was surprised by any testimony adduced by the State, and under such circumstances we do not think the court erred in not permitting the announcement to be withdrawn. The other case was pending in a different court, over which the district judge of Jones County had no control, and one can not trifle with the court. He can not announce ready for trial, proceed with the trial as far as the record shows this case had proceeded, and then, without any allegations showing surprise at the testimony or any other good reason being given, ask a continuance for testimony that he knew he could not obtain at the time he announced ready for trial. It has been frequently held by this court that an application of this character should not be granted, when it would work a continuance of the case. (Evans v. The State, 46 Texas Crim. Rep., 72, and cases cited) ; and where, as in this instance, the affidavit was not filed until after the State had introduced its testimony the court did not err in overruling it.

While Mr. Collins, the owner of the alleged stolen horses, was on the witness stand, on cross-examination, defendant's counsel asked him if he had given anyone a mortgage on the horses prior to the time they were taken to Jones County. This was objected to by the State and objections sustained. Appellant alleges that the witness would have answered that he had given the First National Bank of Knox City a mortgage on them to secure a note for $150. The contention being that this testimony was admissible, as appellant would contend that the horses were taken with the connivance and consent of Collins, in order to defraud the bank. If there was any testimony in the record upon which to base such contention, there would be some strength in the contention of appellant. However, Mr. Collins says that the horses were taken without his knowledge and consent. The appellant in his testimony does not contend that the horses were taken with the knowledge of Mr. Collins, but he says that after he and Gunter had left Collins' house at night and gone about one hundred yards, Gunter claimed he was the owner of the horses and they went into Collins' pasture and caught them and carried them away. Appellant, Gunter and Collins were together at Collins' house and there is no intimation that Collins and Gunter had a conference separate and apart from appellant, at which such a scheme could have been concocted, and appellant, by his testimony, would exclude the idea that the horses were taken under such circumstances.

Bills of exceptions Nos. 1 and 4 are not in the record; therefore, we can not consider the grounds in the motion based thereon.

The court did not err in failing to charge on circumstantial evidence. Defendant admitted that he and Gunter took the horses out of Collins' pasture and defendant was found in possession of the horses. In a number of cases it has been held where the taking has been proved by direct testimony a charge on circumstantial evidence is not required

because *the intent* with which the act was committed is sought to be established by circumstantial evidence. (Williams v. The State, 58 Texas Crim. Rep., 82, 124 S. W., 954; Flagg v. The State, 51 Texas Crim. Rep., 602; Dobbs v. The State, 51 Texas Crim. Rep., 629, 103 S. W., 918; Roberts v. The State, 44 Texas Crim. Rep., 267; Alexander v. The State, 40 Texas Crim. Rep., 395; Becker v. The State, 59 S. W., 949, and cases there cited.

Appellant complains that the court erred in failing to give special charges Nos. 1 and 2 requested, relating to his defensive evidence. On cross-examination, the defendant elicited from Collins, the owner of the horses, that at one time he had authorized Gunter to trade the horses. Appellant testified that the night he and Gunter took the horses out of Collins' pasture, Gunter told appellant that he (Gunter) owned the horses, and agreed to pay him ten dollars to take the horses to Anson for him, Gunter. This was his contention, that he believed Gunter owned the horses, and that in taking them he did so at the request of Gunter, and furthermore, that if Gunter did not own the horses, that Collins had authorized Gunter to take the horses and trade them, and as he was authorized by Gunter to take them, he was guilty of no offense. The court charged the jury: "You are charged that if you believe from the evidence that defendant did take the horses charged in the indictment to have been stolen, and you believe that Henry Gunter told him (the defendant) that the horses belonged to him, Henry Gunter, and that he, the defendant, took them under the honest belief that the horses belonged to Henry Gunter, or under the belief that said Gunter had authority from William Collins to authorize him, the defendant, to take them, or you have a reasonable doubt thereof, you will acquit the defendant." The court also at the request of defendant, gave the following special charge: "You are charged that if you believe from the evidence in this case that Henry Gunter believed that he had authority from Will Collins to sell or dispose of the horses alleged to have been stolen by defendant and that so believing said Henry Gunter hired defendant to bring said horses to Anson, Texas, and defendant thought he had right to bring them to Anson, Texas, by reason of said employment as aforesaid, then you will acquit the defendant and so say by your verdict." He also charged the jury at the request of appellant: "You are charged that when the possession of recently stolen property is relied on as inculpatory of the defendant, his explanation of such possession is admissible in his behalf, provided it was given on the first occasion for any explanation by him, that is, when he was first directly or circumstantially called upon to explain his possession of the property and in such case, if such explanation, if made, be not shown to be false, further evidence of the defendant's guilt will be required to warrant his conviction." This sufficiently presented the defensive theory of defendant under the evidence, and there was no error in refusing the other two charges requested by appellant. And we might say here in support of the verdict of the jury,

that on redirect examination the State proved by Collins that at the time he authorized Gunter to trade the horses, Gunter was staying with Collins. That subsequent to that time Gunter had left Collins and gone to Fort Worth and worked there for some time; that appellant and Gunter left Fort Worth, both finally landing at Knox City, appellant carrying his saddle with him; that the evening they went to Collins' house, nothing was said about the horses in the presence of Collins, but after they left Collins' house, Gunter and appellant went into Collins' pasture and took the horses without saying anything about it to Collins. That appellant took the horses and slept on the prairie that night, Gunter going in a different direction. That when appellant arrived at the wagon yard in Anson, he asked for a closed stable and placed the horses therein, and then inquired for horse dealers. The facts and circumstances in evidence would support the finding of the jury that at the time the horses were taken, it was done with the intention of stealing them.

The court did not err in applying the law of principals in the charge. Appellant admitted he and another took the horses out of Collins' pasture. And the court instructed the jury that "a fraudulent intent is the essential ingredient of theft, and in order to warrant a conviction of a party charged with the crime of theft, such intent must have existed in the mind of the defendant at the very time of taking."

We have carefully reviewed all the grounds in the motion for a new trial. Some of the criticisms of the charge are without merit and others are rather hypercritical, but the charge, when taken as a whole, is not subject to the criticism contained in the motion, and especially so when we take into consideration the special charges given at the request of defendant.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 24, 1912.—Reporter.]