ALICE RUNDELL v. THE STATE.

No. 5906. Decided December 8, 1920.

Rehearing denied December 14, 1921.

1.—Theft—False Pretext—Fraudulent Intent—Want of Consent.

Where the indictment was in the ordinary form of felony theft, and the prosecution proceeded under Article 1332, Penal Code, which provides that want of consent is not necessary if the possession of the property be obtained by any false pretext, or, with an intent to deprive the owner of the value, etc., there was no reversible error. Distinguishing Gibson v. State, 85 Texas Crim. Rep. 462.

2.—Same—Case Stated—Swindling—Theft by Bailee—Theft.

Where, upon trial of felony theft, the evidence showed that a thousand dollar check was delivered to the defendant upon apparent faith in her promise as to what she could and would do, and that the money would be returned to the party injured with its earnings within sixty days, this was not swindling or theft by bailee, but theft.

3.—Same—Evidence—Other Offenses—Intent.

Where, upon trial of theft of a certain check, the State proved over defendant's objection sundry other transactions of herself occurring about the same period as that covered by the one with the party injured, in each of which defendant obtained from different people sums of money varying from a few hundred dollars to as much as $9,000, all being obtained by similar representations, there was no reversible error. This testimony being important on the question of fraudulent intent.

4.—Same—Refreshing Witnesses Memory—Trial of Theft—Bill of Lading—Flight.

There was no error in permitting the witness to refresh his memory from a copy of the bill of lading in his possession, he testifying from memory as to facts; and there was no error to show flight of defendant and concealment of her residence, which was shown by the shipment of her furniture to a place different from that claimed as her home, etc.

5.—Same—Argument of Counsel—Reply to Argument—Allusion to Defendant's Failure to Testify.

Where State's counsel in his argument said, "the State's case stands before you unimpeached in any manner; the defendant has failed to produce a single witness to combat the testimony of the State." This was not an allusion to defendant's failure to testify, and besides was responsive to defendant's counsel's argument.

6.—Same—Debtor and Creditor—Fraudulent Intent—Note—Charge of Court.

If the facts be conclusive of the intent to deprive the owner of the property and to appropriate the same to the use and benefit of the taker at the time the possession of such property was obtained, then the giving of notes, which were not demanded by the party injured, did not make the case one in which the relation of debtor and creditor was created. Following Anderson v. State, 77 Texas Crim. Rep., 31, and other cases; besides, the jury were properly instructed as to this phase of the case.

7.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of theft of a certain check with intent to defraud and appropriate, the evidence was direct and not circumstantial, there was no error in the court's refusal to charge on circumstantial evidence. Following Roberts v. State, 44 Texas Crim. Rep., 267, and other cases.

8.—Same—Concurring Opinion.

See opinions of Davidson, Presiding Judge, and Morrow, Judge, concurring in main opinion.

9.—Same—Rehearing—Evidence—Bill of Exceptions—Part of Testimony Admissible.

Where the bill of exceptions raised the objection to the testimony of other offenses, on the ground that it was not a part and parcel of the very transaction mentioned in the indictment, and was an extraneous offense not connected with that charged in the indictment, the exception did not reach the matter objected to, inasmuch as part of the testimony was admissible, even if the other was not, and the exception did not point out the particular evidence objected to.

10.—Same—Requested Charge—Intent—Appropriation.

Where there was no evidence tending to show the formation of an intent by defendant to appropriate the money named in the check at a time subsequent to her acquisition thereof, there was no error in refusing a requested charge thereon.

11.—Same—Requested Charge—Debtor and Creditor.

Where the evidence did not raise the issue submitted in the requested charge, that if the relation of debtor and creditor existed the defendant should be acquitted, etc., there was no error in refusing the requested charge.

12.—Same—Sufficiency of the Evidence—Intent—Appropriation.

Where, upon trial of obtaining by false pretext a certain check for $1,000, the proof satisfied the minds of the jury that the property which was obtained by the defendant was with the intent at the time to appropriate the same, and that she did appropriate the same, and the court charged the law on this phase of the case, the conviction was sustained.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of theft of a check for $1,000, under false pretext and with fraudulent intent to appropriate the same; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Meek & Kahn,* for appellant.—On question of other offenses: Haley v. State, 209 S. W. Rep., 675; Sine v. State, 215 id., 967; Moore v. State, 203 id., 767; Lawrence v. State, 219 id., 460; Bink v. State, 48 Texas Crim Rep., 599; Denton v. State, 42 id., 429; Johnson v. State, 50 id., 118; Clark v. State, 59 id., 246; Gardner v. State, 55 id., 402; Monroe v. State, 56 id., 445.

*Alvin M. Owsley,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.—On question of other offense: Dawson v. State, 32 Texas Crim. Rep., 535; Fielder v. State, 40 id., 188; King v. State, 27 Texas Crim. App., 567; Trimble v. State, 145 S. W. Rep., 929.

On question of argument of counsel: Cockrell v. State, 211 S. W. Rep., 929; Vickers v. State, 169 id., 669; Bivens v. State, 82 Texas Crim. Rep., 279, and cases cited in opinion.

LATTIMORE, JUDGE.—Appellant was convicted of felony theft in the Criminal District Court of Harris County and her punishment fixed at five years confinement in the penitentiary.

The indictment in this case was in the ordinary form for a felony theft, it being charged therein that appellant took from Dora Wilson a check of the value of one thousand dollars with intent to deprive said Wilson and to appropriate same to her own benefit. The facts show that about September 18, 1919, appellant, in Houston, Texas, represented to Dora Wilson that she, appellant, had a secret connection with an oil driller in the Burk Burnet oil field who would give her inside information about wells in process of drilling and just before same were completed, and that she was able by means of said information to double and treble any money turned over to her to be invested in such ventures, and that appellant urged the Wilson woman to let her have five thousand dollars to be so used, promising a return of said money together with double and treble its amount as earnings within sixty days; also that Miss Wilson declined to let appellant have at that time but one thousand dollars, a check for which amount was turned over to appellant. The latter promised to double this at least for Miss Wilson within sixty days. Later and on pretense that the first money turned over had doubled itself and earned variously stated sums, appellant got from Miss Wilson amounts totaling $4600, telling her that her money and its earnings should be returned to her or checked out by November 15th, or not later than Thanksgiving day of that year, at which time appellant represented that her connection with the oil business would cease. Just before

Thanksgiving she represented to Miss Wilson that her $4,600 had earned $25,000. About Thanksgiving Day or night appellant disappeared, and was arrested in Chicago some two months later and brought back to Houston where she was tried and convicted of theft. She never at any time paid to Miss Wilson any part of the original $4,600 or any earnings thereof. During the cross-examination of Miss Wilson it was developed that upon the witness expressing some doubt as to the safety of her money, appellant said she would stand between her and the money, or as the witness stated in another place, appellant said she would guarantee witness not to lose her money, and gave to witness her note for a thousand dollars, which note and its successors were torn up at each subsequent advancement and one made for the total sum received up to that time. The note was due a year after date, and was a plain note of hand. Miss Wilson said nothing was ever said about the money being paid back a year thereafter, but it was all to be paid pack at the date in November, 1919, when appellant said she would "check out."

During the trial the lower court permitted in evidence transactions with other persons occurring about the same time, in which appellant got from them considerable money under various pretexts, which transactions will be referred to later herein. Appellant insists that a case of theft is not made out by these facts. In Gibson v. State, 85 Texas Crim. Rep., 462, 214 S. W. Rep., 341, we said:

"In order to constitute theft under our general statute, the taking of the property must be wrongful and without the owner's consent, but in Article 1332, Penal Code, our Legislature specifically provides that, though the taking be with the owner's consent, yet, if such consent be obtained by any false pretext, or if the taking be obtained with any intent to deprive the owner of the value thereof and to appropriate the same to the use and benefit of the taker, and the property is so appropriated, then the offense of theft is complete."

It will be observed by examining said Article 1332 referred to that it pointedly states that if possession of the property be obtained by any false pretext, *or be obtained with an intent in the mind of the taker at the time to deprive the owner of the value thereof and to appropriate it to the benefit of the taker,* the offense is complete.

It became a question of fact for the jury to decide primarily, whether there existed such intent in the mind of appellant at the time the property passed into her possession. The appellant offered no evidence, and the jury under appropriate instructions has decided that at the time the thousand dollars came into appellant's possession she intended to deprive Miss Wilson thereof and to appropriate it to her own use and benefit. It would serve no useful purpose to elaborate the evidence here. We are of opinion that the jury were justified in their conclusion. In the Gibson case, *supra,* we discussed at length the difference between theft of this character and swindling, and reference is here made to such discussion. The thousand dollars were de-

livered to appellant upon apparent faith in her promise as to what she could and would do with said money, and that it would be returned to Miss Wilson together with its earnings within sixty days. We do not think this would be swindling. Nor do we think the facts bring the case within the definition of theft by bailee as appears in Article 1348 of our Penal Code. No evidence suggested a contract of hiring, borrowing or other bailment for the benefit of appellant.

On the trial the State proved, over appellant's objection, sundry other transactions of herself occurring about the same period as that covered by the one with Miss Wilson, in each of which appellant obtained from different people sums of money varying from a few hundred dollars to as much as nine thousand, all being obtained by her upon representations of some character, in substance, that she would return the parties from whom she got the same their money together with a large increase within a short time. In three of said transactions the matters stated by appellant as inducement to obtain said sums, were almost identical with those appearing in the instant case. The trial court instructed the jury that they should consider the testimony relating to said other transactions for no other purpose except as shedding light, if they thought it did so illumine the intent of appellant with regard to the check alleged to have been taken in the instant case. The substance of the objections to this testimony was that it was immaterial, no part of the transaction involved in this case, an offense in no way connected with that herein charged, and prejudicial to appellant.

The principal issue in the instant case was the intent of appellant in the acquisition of the check, the theft of which was charged. By a vigorous cross-examination of Miss Wilson, appellant sought to show that the transaction in question was one in which the money or check in question was loaned to appellant, or else one in which appellant received the money as a *bona fide* agent for the purpose of making investments. Authorities are too numerous to need citation, that as affecting the intent, when an issue, evidence of other disconnected transactions becomes admissible. In each of said extraneous cases proven herein, it was shown that after making frequent and positive promises of speedy returns in order to get money from her victims, nothing was forthcoming. Appellant's promised returns never materialized. Her promises to some of the said parties were to be redeemed at the same time as those made to Miss Wilson, but when that time came appellant had imitated the Arabs who fold their tents and silently steal away. We see no ground for a contention that the proof as to said extraneous matters was not of complete offenses, and are of opinion that same were clearly admissible as affecting her intent in the instant transaction.

Miss Wilson testified that during her connection with appellant, the latter told her that she owned a fine home in Memphis, Tennessee, and when she checked out she was going there. This witness also tes-

tified that in November appellant shipped her furniture from Houston in the name of Stacey. Thereafter the State introduced an employee of a railway company at Houston, who testified that in November, 1919, a car load of household furniture was entered at Houston for shipment to Portland, Oregon, by one L. C. Stacey, a white man, but said witness was unable to say whether the party entering same was the husband of appellant or not. Appellant objected to this testimony as being in no way material or relevant, but we cannot agree to this, for if appellant stated her intention to go to Memphis, when in fact she was going to Portland, Oregon, this would be evidence both of flight and concealment. The shipment of her furniture to Portland would be a circumstance evidencing such flight. Nor is the objection made to the introduction of a bill of lading or copy thereof borne out by the facts as stated in the bill of exceptions. Therefrom it appears that the witness was permitted to refresh his memory from a copy of the bill of lading in his possession, and that said witness testified from memory as to the facts stated by him.

Objection was made to certain argument of the district attorney, that it was a reference to the failure of appellant to testify. The objectionable statement was as follows: "The State's case stands before you unimpeached in any manner; the defendant has failed to produce a single witness to combat the testimony of the State." We do not think this such reference to the failure of appellant to take the stand as would call for a reversal. Appellant did not ask written instructions to the jury not to consider same. Also the trial court qualifies the bill in such way as to show the statement was a reply to argument of appellant that the State had failed to produce certain witnesses, who were available, and who might have testified.

Appellant also contends that the relation of debtor and creditor was created by the transaction betwen appellant and Miss Wilson, and that by the acceptance of the notes of the former by the latter any question of theft was eliminated from such transaction. We do not so conclude. See Anderson v. State, 77 Texas Crim. Rep., 31; Gibson v. State, 85 Texas Crim. Rep., 462, 214 S. W. Rep., 341. If the facts be conclusive of the intent to deprive the owner of the property and to appropriate the same to the use and benefit of the taker at the time the possession of such property was obtained, then the giving of notes which were not demanded or asked by Miss Wilson, but on the contrary were volunteered by appellant as an inducement apparently to greater confidence on the part of Miss Wilson, would not operate to remove the element of crime from the transaction. Appellant asked and the court gave the following special charge:

"Gentlemen of the Jury: If from the testimony in this case you believe that the defendant did not appropriate the property, that is, the thousand dollars check, or the proceeds thereof, and did not intend to appropriate it to her own use and benefit, and did not intend to deprive the owner of the value of the same, or if you have a reasonable

doubt upon said proposition, or either of them, you will acquit the defendant and say by your verdict not guilty."

Nor do we think the case one of circumstantial evidence. We have held that when the direct evidence in a theft case showed the taking of the property from the owner, a charge on circumstantial evidence is not necessary because of the fact that the fraudulent intent is sought to be shown by circumstances. Roberts v. State, 44 Texas Crim. Rep., 267; Houston v. State, 47 S. W. Rep., 468; Flagg v. State, 51 Texas Crim. Rep., 603; Burton v. State, 65 Texas Crim. Rep., 578, 146 S. W. Rep., 186.

This disposes of the contentions made on behalf of appellant, and finding no error in the record the judgment of the trial court is affirmed.

*Affirmed.*

MORROW, JUDGE.—I understand that the opinion written by my associate is not a precedent for holding that one who buys goods or borrows money upon the faith of his credit, would, upon failure to pay, be subject to prosecution for theft. If property is obtained on credit by false representations of existing facts, there may be a prosecution for swindling, but if the credit is obtained upon the simple promise to pay, accompanied by no fraudulent representations of existing facts, the prosecution for theft cannot be maintained. As I understand the record, the appellant did not obtain money as a loan on a promise to repay it, but on the false pretext that she had a scheme, which she described, whereby in speculation the money could be made to earn in a short time large returns, greatly in excess of the lawful interest rate.

DAVIDSON, PRESIDING JUDGE.—I think the above statement of Judge Morrow is correct.

ON REHEARING.

December 14, 1921.

LATTIMORE, JUDGE.—In her motion for rehearing appellant urges that we were in error in holding that the evidence of Cornelia Smith was admissible. Referring to appellant's bill of exceptions No. 3, which sets forth the objection to the testimony of said witness, it appears therefrom that when the testimony was offered and before the witness testified, appellant objected to the whole of her evidence, the objection being as follows:

"That before said witness gave said testimony the defendant in open court duly objected on the ground that any transactions had with the witness Cornelia Smith would be irrelevant, incompetent and imma-

terial unless a part and parcel of the very transaction at issue mentioned in the indictment, and that it would be going into extraneous offenses in no way connected with the offense alleged in the indictment; that it would be prejudicial and would not be admissible for any purpose, that when said objections were made which were the same objections urged to the testimony of the witness Mary Howell, as in bill of exceptions No. 1, on file herein and made a part hereof."

The trial court necessarily must pass upon an objection at the time and in the manner same is presented; and our duty is merely to decide whether or not the ruling of the trial court so made was corrcet. It was not a valid objection in limine to the testimony of Cornelia Smith that it was "not a part and parcel of the very transaction mentioned in the indictment, and was an extraneous offense not connected with that charged in the indictment." The books are full of cases wherein evidence not a part and parcel of the very transaction charged in the indictment, becomes very material, and in our opinion the action of the trial court in overruling this objection as made must be sustained. Part of the testimony of Mrs. Smith related to transactions occurring the same year as those involved in the theft herein charged, and being of the same character would seem to be admissible as affecting the intent of appellant; on the other hand, part of said testimony relates to transactions occurring some two years prior to the time of trial and may not have been admissible, but inasmuch as the only objection shown by the bill of exceptions related to the evidence as a whole, we must hold the action of the trial court correct in overruling such objection when not leveled at the particular evidence claimed to be remote but at the testimony of the witness as a whole.

There was no evidence tending to show the formation of an intent by appellant to appropriate the money at a time subsequent to her acquisition thereof, and in the absence of some evidence showing or suggesting that her formation of such intent to appropriate was after she acquired the property, a special charge submitting that theory was properly refused.

Nor do we think the evidence demanded the submission of appellant's special charge submitting the proposition that if the relation of debtor and creditor existed between appellant and prosecuting witness as to the thousand dollars involved, that appellant should be acquitted. No evidence was introduced for appellant supporting this contention, and the testimony of the prosecutrix showed without contradiction that the agreement between herself and appellant was that the money of prosecutrix should be taken and invested in the purchase of interests in oil wells, and was to be returned to the prosecuting witness together with the earnings thereof. Nothing appears in the record remotely suggesting the ordinary relation of debtor and creditor between the parties, and the prosecuting witness testified positively that the note for one thousand dollars was sent to her by appellant some days after the money was delivered, and was given by appellant as a species of guar-

antee of her good faith in the transaction. In a sense every person who defrauds another or unlawfully acquires the property of another, is debtor to such person for said property. We have no doubt but that the courts would so declare, but we do not think such fact would entitle a thief to a charge directing an acquittal if he was indebted therefor to the party from whom he had gotten the property.

There is no question but that in order to make out a case of theft of the character charged in this indictment, the proof must satisfy the minds of the jury that the property which was obtained by the accused with the then intent to appropriate, must have been actually appropriated in pursuance of such intent. The court so charged the jury in the instant case. To our minds the evidence of actual appropriation was amply sufficient.

Believing the case correctly decided, the motion for rehearing will be overruled.

*Overruled.*