## G. C. BERRY V. THE STATE.

No. 10057.   Delivered April 7, 1926.

Rehearing denied June 2, 1926.

**1.—Theft, a Misdemeanor—Evidence—Held Sufficient.**

Where, on a trial for a misdemeanor theft, the evidence discloses that appellant fraudulently induced the prosecuting witness to deliver to him a check for five dollars, which appellant cashed and appropriated to his own use, we believe the facts are fully sufficient to establish a theft, by fraudulent pretext. See Gibson v. State, 214 S. W. 341, and other cases cited.

#### ON REHEARING.

**2.—Same—No Error Discovered.**

On motion for rehearing we have re-examined the record, and express the opinion that the proper disposition of the case has been heretofore made.

Appeal from the County Court of McLennan County.   Tried below before the Hon. Jas. R. Jenkins, Judge.

Appeal from a conviction of misdemeanor theft, penalty a fine of $50 and five days in the county jail.

The opinion states the case.

*McNamara & Scott* of Waco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is misdemeanor theft, and the punishment is a fine of $50 and five days in jail.

The prosecuting witness testified that on Sunday night about the 11th of July, 1925, he saw the appellant in a battery station on Washington street, in Waco; that witness was there for the purpose of getting some batteries changed in his car.   That the battery people required a deposit of $5.00 before they would exchange the battery for his; that after he could get no one to identify him and as he had only $1.00 in his pocket the appellant came up to the front and inquired for witness and said he was going to assist him in getting the $5.00.   That appellant then proposed to witness that he had a little bill to pay off and that he would furnish the money for witness to deposit with the station and take a check on witness.   That after appellant paid his his bill he said he did not have enough to furnish the $5.00

they required, so he asked witness to make the check to him personally and he would take it and would go to a cafe somewhere and get the change and be back in a few minutes. That witness made the check payable to appellant and waited about two hours and did not see appellant any more that night and never saw him any more until the day the complaint was filed. Witness testified that the check was paid at the bank and that he was deprived of $5.00 as a result of this transaction.

Appellant seriously contends that these facts are insufficient to show the offense of theft, it being his contention that, if anything, it was swindling. We have carefully examined the authorities and have reached the conclusion that these facts are sufficient to constitute theft by false pretext. Gibson v. State, 214 S. W. 341; Porter v. State, 23 Tex. Crim. App. 295; 4 S. W. 889; Rundell v. State, 235 S. W. 908; Lee v. State, 81 Tex. Crim. Rep. 117.

Believing that the facts are entirely sufficient to support the verdict, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—We have re-examined the record in the light of the appellant's motion for rehearing and express the opinion that the proper disposition of the case has been heretofore made.

The motion is overruled.

*Overruled.*