### Marcial Munoz v. The State.

No. 1639. Decided April 26, 1899.

**1. Forgery by Altering Scholastic Census.**

The law governing the taking of the scholastic census for school districts, Revised Statutes, article 3964, as amended by Acts Called Session Twenty-fifth Legislature, page 44, expressly requires that the census trustee must take the same "between the first day of May and the first day of June." Held, that an indictment charging the census trustee with forgery by alteration of the ages of children, as stated in the affidavit of a parent, for a scholastic census taken by him on the 25th day of April, states no offense, since he could not legally take the census on said day.

**2. Indictment—Repugnancy.**

. An indictment for forgery against a scholastic census trustee is repugnant which alleges in the alternative, that the accused was "census trustee or sub-census trustee."

**3. Same.**

An indictment against a scholastic census trustee for forgery by alteration of an instrument is fatally defective which contains no allegation showing that the person making the instrument altered had power or authority to create an obligation against the State of Texas. And the indictment is fatally defective in not alleging how, in what manner and by whom defendant was appointed or authorized to take the census.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLane.

Appeal from a conviction for forgery by alteration of an instrument; penalty, two years imprisonment in the penitentiary.

The instrument set out and alleged to have been forged or fraudu-

lently altered by defendant was the affidavit, made by a parent in the city of Laredo, as to the ages, names, and number of her children within the scholastic age. It was alleged the alteration of the affidavit would, if the same had been legally made, have increased the pecuniary obligation of the State of Texas to the city of Laredo, and to the census trustees of said city. The jurat to the affidavit was signed, "M. Munoz, Census Trustee, or Subcensus Trustee of Precinct No. 1, County, Texas," and was dated the 25th day of April, 1898.

*Bethel Coopwood* and *Hurt, Stein & Watts*, for appellant.—The instrument set out in the indictment is not a pecuniary obligation, and can not be made a basis for a prosecution for forgery. Sayles' New Texas Civ. Stats., art. 3965; Acts of 1897; 20 Texas Crim. App., 595.

The facts alleged do not constitute forgery, for the reason that if the alleged alteration had been legally made, that is, by the authority of the affiant, such alteration would not have increased the liability of the State.

Even if the instrument recited could be the basis of a forgery, it is not shown in the indictment that the affidavit was not an absolute nullity; for the reason that said indictment nowhere alleges that defendant Munoz was census trustee for the city of Laredo, or had any authority to take the affidavit, the only information upon that subject given in the indictment being defendant's signature to the jurat as census trustee or subtrustee (an officer unknown to the law), precinct No. 1. 43 S. W. Rep., 1015; 44 S. W. Rep., 1097; 47 S. W. Rep., 991.

*Robt. A. John*, Assistant Attorney-General, for the State.—1. The affidavit of Mrs. Matea Harper de Knott was her act as parent of the children whose census was being taken, and made so by law.

2. The alteration of the same, changing the ages of the children so that they came within the legal benefit of the funds apportioned to the district, created a pecuniary obligation. It had for its object money,— the money collected by taxes and apportioned per capita to the children of this State within the scholastic age.

3. Under article 531 of the Penal Code, it is immaterial who made the original affidavit charged to be altered. It is "by whomsoever made" it created an obligation on the part of the State to permit them to share in the benefit that their nonage did not entitle them to share.

Appellant insists that the indictment should allege the authority of Mrs. Matea Harper de Knott to make the instrument declared upon under his fifth proposition under the first assignment. This has been held adversely to appellant. Her right is made so by law, and the law need not be pleaded. Thomas v. State, 18 Texas Crim. App., 222; Mee v. State, 23 Texas Crim. App., 566.

The State submits that the act of appellant in altering the census affidavit made by Mrs. Knott as to her children had money for its ob-

ject, in that it increased the pay due him under the law as census taker, and is therefore forgery.

The facts are ample to sustain the conviction. In fact, the only contention of appellant is that the indictment is defective.

BROOKS, Judge.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

In the view we take of this case, it is only necessary to consider appellant's motion to quash the indictment, the first ground of which is "that the indictment charges no offense against the law." The facts, as stated in the indictment, show that appellant, after having enumerated the ages of the three children of Matea Harper de Knott, and as having been born in the years of 1892, 1895, and 1896, altered the dates of their birth so as to make it appear that they were born in 1885, 1888, and 1890, and thereby created a pecuniary obligation of the State of Texas and the city of Laredo, and to the census trustee of said city. Article 3964, Revised Statutes, as amended by General Laws, Called Session Twenty-fifth Legislature (1897), page 44, reads: "The scholastic census of each school district of this State shall be taken in the year 1898, and every year thereafter. The county superintendent of public instruction shall, on the first day of January of each year, or as soon as practical thereafter, appoint one of the trustees of each school district, or some other qualified person, to take said census, who shall be known as the census trustee of the district. It shall be the duty of the census trustee to take, between the first day of May and the first day of June after his appointment, a census of all the children that will be over eight and under seventeen years of age on the first day of the following September, and who are residents of the school district on said first day of May; and to make report under oath," etc. The indictment shows that the city of Laredo was a school district, and that appellant took the census of the children of Matea Harper de Knott on the 25th day of April, 1898. The law above quoted, governing school districts, states very explicitly that the census trustee must take the same "between the first day of May and the first day of June." Therefore it follows that appellant took the census at a date not authorized under the law. And by another clause it is provided that the census trustee must enumerate all the children "who are residents of the school district on said first day of May." This clause of the statute makes it obligatory upon the census trustee not to commence his enumeration until that date; for how could he enumerate children that are residents of the district on the 1st day of May, when he commenced his enumeration on the 25th day of April. It is true, an inspection of another clause of the article quoted above indicates that the enumeration may commence on the 1st day of January, instead of May; but a casual inspection of this clause discloses the fact that it has sole and exclusive reference to the census of community counties, and does not apply to school districts or

independent districts. It follows, therefore, that appellant's contention that the indictment charges no offense against the laws of the State of Texas is correct.

The second ground of appellant's motion is "because the indictment is repugnant." We think this objection is also well taken. We find that appellant, if he took the census of the children of Matea Harper de Knott, subscribed and swore her to the same as "census trustee or sub-census trustee." There is no such office authorized under the law as a "subcensus trustee." Therefore, having stated that he was "census trustee or subcensus trustee," the allegations are repugnant, and in the alternative, and we are unable to tell in what capacity the indictment charged or sought to hold appellant.

Appellant's sixth objection to the indictment is "because, if the instrument had been made alone by the person whose act it is alleged to be, there is no allegation showing that such person had power or authority to appoint or create an obligation against the State of Texas." This objection, also, is tenable. We have examined the indictment carefully, and it nowhere states how, or in what manner, or by whom, appellant was appointed or authorized to take the census. The indictment is fatally defective in these particulars, and the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*