### DAN ROBERTS v. THE STATE.

#### No. 2588.   Decided November 12, 1902.

**1.—Continuance.**

A continuance will be held properly refused where the record shows that the proposed absent testimony is probably untrue.

**2.—Theft of Horse and Mule—Ownership—Charge.**

On a trial for theft of a horse and mule, where the indictment contained two counts, one alleging ownership in O. and the other in H., it was proper for the court to instruct the jury to find the ownership proved if they found it proved as alleged in either count.

**3.—Same—Mistake of Fact—Charge.**

On a trial for horse theft, a charge which told the jury to acquit if defendant thought he had the right to take the animal, and if they had a reasonable doubt as to that fact they should acquit, was a correct charge upon defendant's defense of a mistake of fact.

**4.—Charge Limiting Evidence of Other Crimes.**

On a trial for horse theft, where defendant was a witness, and evidence of other crimes had been admitted, it was proper for the court to instruct the jury to consider the evidence as to such other crimes only for the purpose of affecting defendant's credibility, and for no other purpose whatever.

**5.—Special Instructions.**

It is not error to refuse special instructions which are covered by the main charge.

**6.—Circumstantial Evidence—Confession—Charge.**

On a trial for theft of a horse, defendant's confession, as to the taking under a claim of right, takes the case out of the realm of circumstantial evidence, the only issue being as to intent.

Appeal from the District Court of Baylor. Tried below before Hon. J. A. P. Dickson.

Appeal from a conviction of theft of a horse and mule; penalty, two years imprisonment in the penitentiary.

The main facts in the case are as follows: Robert Lunsford, a witness for the State, testified that he was working for Waggoner in his pasture; that Waggoner's pasture was north of the town of Seymour;

that the pasture is twenty miles long east and west and about ten miles north and south. "In the month of May last I saw the defendant in the Waggoner pasture hunting horses; said he was looking for a sorrel mare branded +H+. I told him there was a bay mare in the pasture branded H+H on the thigh and that there was a 2 or 3-year-old mule following her, he said he would go over and see them but did not know whether they were his or not. I told him where the mare and mule run. The mare and mule had been running on Indian Creek in the Waggoner pasture for several months; the mule was a dark bay or brown mare mule about 14 hands high and unbranded."

A. L. Stell met defendant north of Seymour last May. Defendant inquired about horses in Waggoner's pasture; did not inquire about an H cross H mare. In a few days after this witness saw defendant in the town of Seymour, at which time he had a small bay mare branded H cross H on hip and a brown 2 or 3-year-old mule following her. He was trying to sell the mule.

Dave Ellison, a witness for the State, testified that "defendant came to field where I was plowing one and one-half miles north of Seymour on the 16th day of May; he was leading a small bay mare with a mule following her. The mule was a dark bay mare mule about 14 hands high, unbroken and wild; he asked me $50 for the mule, but sold it to me for $40. At the time I bought the mule he told me he raised it. The mule is now in my pasture about one and one-half miles north of town. J. L. Highton has been at my home in the last few days and claims the mule as his property."

Other witnesses testified to the defendant having the bay mare and mule in the town of Seymour and offering same for sale.

J. L. Highton testified that he lived in Young County, about sixty miles from Seymour, and that in September or October, 1901, he owned a small bay mare mule, unbroken and unbranded, about 14 hands high, and that it left Young County with a small bay mare, belonging to his mother, branded H cross H. That witness had seen the mule purchased by Ellison from defendant and that the mule was his property; that he did not authorize defendant or anyone else to take said mule. The mule was in his actual care, management and control when same got away.

Defendant claimed to have purchased the mare and mule from one I. P. Roberts, and Frank Beard testified, on the part of defendant, that he knew I. P. Roberts, and that some time in the winter of 1900 and 1901 he was at work at the Stephens pasture south of the town of Benjamin, and at same time I. P. Roberts was also at work there. At that time I. P. Roberts also worked for Stephens and that some time in the month of January, 1901, I. P. Roberts placed ten or twelve head of horses in the Stephens pasture and among the number was one bay mare about 14 hands high, and a dark bay mare mule about one year old followed her. Witness did not know what the mare was branded. I. P.

Roberts left Knox County about March or April, and witness does not know whether he took the mare with him or not.

Ellis Black, a witness for defendant, testified that he lived in Knox County, about twelve miles north of Benjamin, and that during the winter of 1900 and 1901 I. P. Roberts kept his horses in a little jog near where he lived; the little jog had 200 or 300 acres of land in it. That among the horses owned by Roberts was a dark bay mare about 14 hands high and following her was a dark bay mare mule.

Baxter Fortenbury testified about as Frand Beard, witness for defendant. Charlie Lyon, for defendant, testified that in the winter of 1900 and 1901 I. P. Roberts passed his house in Foard County, coming in the direction of Knox County, and was leading a bay mare with a bay yearling mule following her.

No further statement is required.

*Glasgow & Kenan, J. A. Stephens,* and *L. W. Dalton,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of the theft of a horse and mule, and his punishment assessed at confinement in the penitentiary for a term of two years.

Bill of exceptions number 1 insists that the court erred in overruling the application for continuance. The continuance is based upon the absence of Jim McCarty, alleged to reside in King County, Texas. The record shows that appellant was indicted June 6, 1902, and on June 16th he made his first application for a subpoena for this witness. Appellant was tried on June 20th, some four days after he applied for the subpoena. It is probable that, if he had applied immediately upon indictment for the subpoena, the attendance of said witness could have been secured. Appellant expected to prove by said witness that in January, 1901, one Ise Roberts had a bay H+H mare and a black or dark mule in the town of Benjamin, and tried to sell them or trade them to the witness Jim McCarty. In order to show that this testimony was material, the application states that defendant would claim that he bought such a mule and mare from Ise Roberts in January. In the light of the record, we do not think this testimony is probably true, and hence we do not think the court erred in refusing the application for continuance.

Complaint is urged in the second bill to the court's charge on the question of ownership. The first count in the indictment alleged the ownership in Mrs. M. J. Owens; the second in J. L. Highton. The court properly instructed the jury that, if they found the ownership in either of these as alleged in either count, they were authorized to find the ownership proved as alleged. This is a correct charge. Key v. State, 37 Texas Crim. Rep., 511.

The third bill complains that the court erred in presenting appel-

lant's defense of bona fide mistake of fact as to the authority to take the animal, under a claim of right, having purchased from Ise Roberts. An inspection of the charge of the court shows that he told the jury, if appellant thought he had a right to take up the animal after the purchase from Roberts, he was entitled to an acquittal; and further told the jury that, if they had a reasonable doubt as to whether he had the right, they should acquit. This charge is correct. Young v. State, 34 Texas Crim. Rep., 290.

The fourth bill complains that the court erred in limiting the evidence of other crimes that appellant had been charged with to the purpose of affecting appellant's credibility as a witness, instructing the jury to regard the same for no other purpose whatever. The charge of the court is in proper form and is correct. Hutton v. State (Texas Crim. App.), 33 S. W. Rep., 969.

Bill number 5 complains of the court's charge on recent possession of stolen property. The charge is a copy of the one approved in Wheeler v. State, 34 Texas Crim. Rep., 350.

The sixth and seventh bills complain of the court's refusal to give special charges upon appellant's claim of right to take the property alleged to have been stolen by him. These charges were covered by the main charge of the court.

Appellant insists in the eighth bill that the court erred in refusing the special charge on circumstantial evidence. Appellant confessed the taking, but insisted that he did not take with a fraudulent intent, but under a claim of right. This removes the case from the realm of circumstantial evidence, the only issue being as to the intent. Huffman v. State, 28 Texas Crim. App., 174; Russell v. State, 38 Texas Crim. Rep., 590.

We have carefully reviewed appellant's other assignments of error, and find none of them are well taken. The charge of the court properly and amply presented all the law applicable to the facts of this case.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*