[5] The court correctly charged in this case that the burden was on appellant to show he had a license. Lucio v. State, 35 Tex. Cr. R. 320, 33 S. W. 358, and cases cited in section 1058, White's C. C. P.

[6] No bill of exceptions shows that any motion for continuance was had or overruled; hence appellant's motion for new trial on this ground cannot be considered. The testimony is amply sufficient to have justified the verdict of the jury. In fact, from it we conclude no other verdict should have been rendered.

[7] The ground for new trial in appellant's motion, because of newly discovered evidence, wholly fails to show any diligence whatever. Besides, the motion, in attempting to set up the facts, wholly fails to meet the requirements necessary to show that a new trial should have been granted on this account. Gray v. State, 144 S. W. 284.

---

BURTON v. STATE.†

(Court of Criminal Appeals of Texas.   March 20, 1912.)

1. CRIMINAL LAW (§ 621*) — TRIAL — ANNOUNCEMENT FOR TRIAL—WITHDRAWAL.
    Where accused, when he announced ready for trial for theft, knew that another was charged in another county with participation in the same theft, so that he could not be a witness for accused under Code Cr. Proc. 1895, art. 771, providing that persons charged as principals or accessories, whether in the same or different indictments, cannot be witnesses for one another, and it was not claimed that accused was surprised by any state's evidence, accused cannot complain that the court, upon excluding the other person charged as a witness for accused, refused to permit accused to withdraw his announcement of ready for trial, so that he might move to have the other person tried first, pursuant to article 707.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1382, 1387; Dec. Dig. § 621.*]

2. CRIMINAL LAW (§ 681*) — ADMISSION OF EVIDENCE—PRELIMINARY SHOWING.
    Where there was no evidence, in a prosecution for horse theft, that the horses were taken with the consent of the owner, evidence as to whether the owner had mortgaged the horses, asked for the purpose of showing that he had mortgaged them, and that they were taken by accused with his connivance and consent, to defraud the mortgagee, was not admissible.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1611, 1612; Dec. Dig. § 681.*]

3. CRIMINAL LAW (§ 1090*)—APPEAL—BILL OF EXCEPTIONS.
    The Court of Criminal Appeals cannot consider the grounds of a motion based on bills of exception which are not in the record.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2789, 2803–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

4. CRIMINAL LAW (§ 784*)—INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE.
    Where accused admitted that he and another took horses claimed to have been stolen, and they were found in accused's possession, a charge on circumstantial evidence was not required, merely because the intent of the taking was sought to be established by circumstantial evidence.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1883–1888, 1922, 1960; Dec. Dig. § 784.*]

5. LARCENY (§ 71*)—INSTRUCTIONS—SUFFICIENCY.
    In a prosecution for horse theft, it appeared that the owner had once authorized accused's alleged accomplice to trade the horses, and accused testified that when he and the latter took the horses from the owner's pasture, the accomplice told accused that he owned the horses, and agreed to pay accused $10 to take them to a certain place for him, and that accused took the horses from the owner's pasture under that belief. The court charged that if the jury believed that accused took the horses under the honest belief that they belonged to the accomplice, or under the belief that the accomplice had authority from the owner to take them, the jury should acquit, and also instructed that if the accomplice had authority from the owner to dispose of the horses and hired accused to take them to a certain place, and accused thought he had the right to do so by reason of such employment, the jury should acquit, and further instructed that accused's explanation of his possession of recently stolen property is admissible for him, if it was given on the first occasion for any explanation by him (that is, when he was first directly or circumstantially called upon to explain his possession), and in such case, if such explanation be not shown to be false, further evidence of guilt would be required to warrant a conviction. Held, that the instructions sufficiently presented the theory of accused's defense.
    [Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 191–194; Dec. Dig. § 71.*]

6. LARCENY (§ 57*)—SUFFICIENCY OF EVIDENCE—INTENT.
    Evidence, in a prosecution for horse theft, held to sustain a finding that the horses were taken with the intention of stealing them.
    [Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 150, 151; Dec. Dig. § 57.*]

7. LARCENY (§ 3*)—SPECIFIC INTENT—NECESSITY.
    To authorize a conviction for theft, a specific intent must have existed in accused's mind at the very time of the taking.
    [Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 3–10; Dec. Dig. § 3.*]

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

George Burton was convicted of horse theft, and he appeals. Affirmed.

Brooks & Brooks, of Anson, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.   Appellant was indicted, tried, and convicted of theft of a horse, and

his punishment assessed at two years in the penitentiary.

[1] When the case was called for trial, the appellant announced ready. A jury was impaneled, and the state introduced its testimony and rested. The appellant then called Henry Gunter as a witness. The state objected to Gunter being permitted to testify, as he was indicted for theft of the same horses in Knox county. The evidence would show that the horses belonged to Will Collins, who resided near Knox City. Gunter and appellant went out to Collins' house one evening and remained for supper. After supper, they told Mr. Collins they were going to return to Knox City. The next morning Collins missed two of his horses, notified the officers, and appellant was found in possession of the horses in Anson, Jones county. Appellant admits that after leaving Mr. Collins' house he and Gunter went into the pasture and caught the horses and carried them off, but says Gunter told him the horses belonged to him (Gunter), and he wanted appellant to carry them to Anson for him. Appellant was indicted in Jones county, where he carried the horses, and Gunter was indicted in Knox county, where the horses are alleged to have been stolen. When the court sustained the objection of the state and refused to permit Gunter to testify, appellant asked leave of the court to withdraw his announcement of ready, that he might file a motion under article 707 of the Code of Criminal Procedure, asking that Gunter be first tried. The court declined to permit him to withdraw his announcement, but permitted him to file an affidavit in compliance with said article of the Code, which was by the court overruled. Appellant reserved a bill of exceptions to the action of the court, which was approved by the court with this qualification: "The above and foregoing bill is approved, with the qualification and statement that the defendant had announced ready for trial, a jury impaneled to try the cause, the defendant had pleaded to the indictment, and the state had finished its testimony in chief before said witness was placed on the stand and the objection was made, all before the severance was asked for in this cause." The application was made too late. The affidavit reads as follows: "In the above numbered and entitled cause, this day comes the defendant, George Burton, and being duly sworn, upon his oath deposeth, says and represents to the court that in a certain case pending upon the docket of the district court of Knox county, Texas, entitled the State of Texas v. Henry Gunter, the defendant, Henry Gunter, is separately indicted for an offense growing out of the same transaction for which this defendant is indicted in this case; that the evidence of the said Henry Gunter, defendant in said aforementioned cause, is material for the defense of this af-

fiant in this case, and that this affiant verily believes that there is not sufficient evidence against the said Henry Gunter, whose evidence is desired by this defendant, to secure his (the said Henry Gunter's) conviction in said aforementioned case against him, the said Henry Gunter."

It is seen that appellant, at the time he announced ready for trial, was fully aware that Gunter was under an indictment for an offense growing out of the same transaction for which he was being tried; and article 771 of the Code provides that persons charged as principals, accomplices, or accessories, whether in the same or different indictments, cannot be introduced as witnesses for one another, and appellant is presumed to have been aware of that fact when he announced ready for trial. In the affidavit, nor in the bill of exceptions, it is not claimed that appellant was surprised by any testimony adduced by the state, and under such circumstances we do not think the court erred in not permitting the announcement to be withdrawn. The other case was pending in a different court, over which the district judge of Jones county had no control, and one cannot trifle with the court. He cannot announce ready for trial, proceed with the trial as far as the record shows this case had proceeded, and then, without any allegation showing surprise at the testimony, or any other good reason being given, ask a continuance for testimony that he knew he could not obtain at the time he announced ready for trial. It has been frequently held by this court that an application of this character should not be granted, when it would work a continuance of the case. Evans v. State, 46 Tex. Cr. R. 74, 80 S. W. 374, and cases cited. And where, as in this instance, the affidavit was not filed until after the state had introduced its testimony, the court did not err in overruling it.

[2] While Mr. Collins, the owner of the alleged stolen horses, was on the witness stand, on cross-examination, defendant's counsel asked him if he had given any one a mortgage on the horses prior to the time they were taken to Jones county. This was objected to by the state and objections sustained. Appellant alleges that the witness would have answered that he had given the First National Bank of Knox City a mortgage on them to secure a note for $150; the contention being that this testimony was admissible, as appellant would contend that the horses were taken with the connivance and consent of Collins, in order to defraud the bank. If there was any testimony in the record upon which to base such contention, there would be some strength in the contention of appellant. However, Mr. Collins says that the horses were taken without his knowledge and consent. The appellant, in his testimony, does not contend that the horses were taken with the knowledge of

Mr. Collins; but he says that after he and Gunter had left Collins' house at night and gone about 100 yards Gunter claimed he was the owner of the horses, and they went into Collins' pasture and caught them and carried them away. Appellant, Gunter, and Collins were together at Collins' house, and there is no intimation that Collins and Gunter had a conference, separate and apart from appellant, at which such a scheme could have been concocted; and appellant, by his testimony, would exclude the idea that the horses were taken under such circumstances.

[3] Bills of exceptions Nos. 1 and 4 are not in the record; therefore we cannot consider the grounds in the motion based thereon.

[4] The court did not err in failing to charge on circumstantial evidence. Defendant admitted that he and Gunter took the horses out of Collins' pasture, and defendant was found in possession of the horses. In a number of cases, it has been held, where the taking has been proved by direct testimony, a charge on circumstantial evidence is not required, because *the intent* with which the act was committed is sought to be established by circumstantial evidence. Williams v. State, 58 Tex. Cr. R. 82, 124 S. W. 955; Flagg v. State, 51 Tex. Cr. R. 603, 103 S. W. 855; Dobbs v. State, 51 Tex. Cr. R. 629, 103 S. W. 918; Roberts v. State, 44 Tex. Cr. R. 267, 70 S. W. 423; Alexander v. State, 40 Tex. Cr. R. 407, 49 S. W. 229, 50 S. W. 716; Becker v. State, 50 S. W. 949, and cases there cited.

[5] Appellant complains that the court erred in failing to give special charges Nos. 1 and 2 requested, relating to his defensive evidence. On cross-examination, the defendant elicited from Collins, the owner of the horses, that at one time he had authorized Gunter to trade the horses. Appellant testified that the night he and Gunter took the horses out of Collins' pasture Gunter told appellant that he (Gunter) owned the horses, and agreed to pay him $10 to take the horses to Anson for him (Gunter). This was his contention, that he believed Gunter owned the horses, and that in taking them he did so at the request of Gunter; and, furthermore, that if Gunter did not own the horses that Collins had authorized Gunter to take the horses and trade them, and, as he was authorized by Gunter to take them, he was guilty of no offense. The court charged the jury: "You are charged that if you believe from the evidence that defendant did take the horses charged in the indictment to have been stolen, and you believe that Henry Gunter told him (the defendant) that the horses belonged to him (Henry Gunter), and that he (the defendant) took them under the honest belief that the horses belonged to Henry Gunter, or under the belief that said Gunter had authority from William Collins to authorize him (the

defendant) to take them, or you have a reasonable doubt thereof, you will acquit the defendant." The court also, at the request of defendant, gave the following special charge: "You are charged that if you believe from the evidence in this case that Henry Gunter believed that he had authority from Will Collins to sell or dispose of the horses alleged to have been stolen by defendant, and that so believing said Henry Gunter hired defendant to bring said horses to Anson, Tex., and defendant thought he had the right to bring them to Anson, Tex., by reason of said employment, as aforesaid, then you will acquit the defendant, and so say by your verdict." He also charged the jury, at the request of appellant: "You are charged that, when the possession of recently stolen property is relied on as inculpatory of the defendant, his explanation of such possession is admissible in his behalf, provided it was given on the first occasion for any explanation by him (that is, when he was first directly or circumstantially called upon to explain his possession of the property), and in such case, if such explanation, if made, be not shown to be false, further evidence of the defendant's guilt will be required to warrant his conviction." This sufficiently presented the defensive theory of defendant under the evidence; and there was no error in refusing the other two charges requested by appellant.

[6] And we might say here, in support of the verdict of the jury, that on redirect examination the state proved by Collins that at the time he authorized Gunter to trade the horses Gunter was staying with Collins; that subsequent to that time Gunter had left Collins and gone to Ft. Worth and worked there for some time; that appellant and Gunter left Ft. Worth, both finally landing at Knox City, appellant carrying his saddle with him; that the evening they went to Collins' house nothing was said about the horses in the presence of Collins, but after they left Collins' house Gunter and appellant went into Collins' pasture and took the horses, without saying anything about it to Collins; that appellant took the horses and slept on the prairie that night, Gunter going in a different direction; that when appellant arrived at the wagon yard in Anson he asked for a closed stable and placed the horses therein, and then inquired for horse dealers. The facts and circumstances in evidence would support the finding of the jury that at the time the horses were taken it was done with the intention of stealing them.

[7] The court did not err in applying the law of principals in the charge. Appellant admitted he and another took the horses out of Collins' pasture. And the court instructed the jury that "a fraudulent intent is the essential ingredient of theft; and, in order to warrant a conviction of a party charged with the crime of theft, such intent must

have existed in the mind of the defendant at the very time of taking."

We have carefully reviewed all the grounds in the motion for a new trial. Some of the criticisms of the charge are without merit, and others are rather hypercritical; but the charge, when taken as a whole, is not subject to the criticism contained in the motion, and especially so when we take into consideration the special charges, given at the request of defendant.

The judgment is affirmed.