The judgment is reversed, and the cause remanded.

---

(35 Tex. Cr. R. 459)

LOCKHEAD v. STATE. (No. 5414.)

(Court of Criminal Appeals of Texas. June 18, 1919.)

1. CRIMINAL LAW ⚮780(4) — ACCOMPLICE TESTIMONY—INSTRUCTIONS.

Charge authorizing conviction on accomplice testimony if it was believed and was corroborated by testimony tending to connect defendant with the offense is defective; it should also state that it was necessary that accomplice testimony, in connection with the other evidence, should show defendant's guilt beyond a reasonable doubt.

2. CRIMINAL LAW ⚮823(10) — INSTRUCTIONS—CURE BY OTHERS.

Error of charge, authorizing conviction on accomplice testimony if it was believed and was corroborated by testimony tending to connect defendant with the offense, is not available, another charge correcting its defect of not also stating that it was necessary that accomplice testimony in connection with the other evidence should show defendant's guilt beyond

a reasonable doubt, being given at defendant's request.

3. CRIMINAL LAW ⚮780(5) — ACCOMPLICE TESTIMONY — CORROBORATION — INSTRUCTION.

Defendant's requested instruction that one accomplice could not, by his testimony, corroborate the other should have been given.

4. RECEIVING STOLEN GOODS ⚮9(2) — GRADE OF OFFENSE—INSTRUCTIONS—VARIOUS DELIVERIES.

Where defendant at different times received stolen articles from thieves, on no occasion of the value of $50, but in the aggregate exceeding that amount, his requested charges, presenting his theory having support in the evidence, that each delivery constituted a separate sale and transaction, and stating that, if this was so, his offense, if guilty, would be misdemeanor, should have been given.

5. RECEIVING STOLEN GOODS ⚮1 — CONCEALMENT—GRADE OF OFFENSE.

The grade of the offense of concealing stolen property by one who, having received it innocently, sold part of it before learning of the theft is determined by the value of that only which he had in his possession when he learned it was stolen.

6. CRIMINAL LAW ⚮370 — EVIDENCE OF OTHER OFFENSES—GUILTY KNOWLEDGE—RECEIVING STOLEN GOODS.

Evidence that, at about the time of the alleged receiving of stolen property, claimed to have been received innocently, defendant had received from the thief a stolen kodak, which was found in defendant's trunk, possession of which he denied, was admissible on the question of guilty knowledge.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

A. S. Lockhead was convicted of receiving and concealing stolen property, and appeals. Reversed and remanded.

Thos. R. Bond, of Terrell, for appellant. E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. The appellant was charged with receiving and concealing stolen property from Allen Brittian.

The property was described in the indictment as 4 shotguns and a case containing 500 shells. Each of the shotguns was valued at $9 and the shells at a total value of $15. The testimony of Brittian and one Raymond Monday was used by the state. Both of these witnesses testified to their participation in the theft of the property and its subsequent delivery to the appellant.

[1-3] Exception was reserved to the court's charge on accomplice testimony. The charge was defective, in that it authorizes a conviction thereon if it was believed by the jury to be true and was corroborated by other testimony tending to connect the appellant with the offense. It should also have

instructed the jury that it was necessary that the accomplice testimony in connection with the other evidence should show the guilt of appellant beyond a reasonable doubt. See Standfield v. State, 208 S. W. 537, and cases therein referred to. The error is not available, however, for the reason that the court, at the appellant's request, gave a charge upon the subject which corrected the defect. The court, however, should have complied with the appellant's request to instruct the jury that one of the accomplices could not, by his testimony, corroborate the other. Roberts v. State, 44 Tex. Cr. R. 267, 70 S. W. 423; Heath v. State, 7 Tex. App. 464.

[4, 5] The evidence disclosed that the appellant received the property described in the indictment. It was also shown that it was not all delivered to the appellant at one time, but that Brittian and Monday, after stealing the property, hid it under a church, and that there was first delivered to appellant 5 boxes of shells, for which he paid $2.50; that he next received 15 boxes of shells and 2 shotguns, and on their receipt paid $16, and later received 2 shotguns at which time he paid $8. It was the theory of the state that prior to the theft the appellant had agreed to purchase any property that the accomplices might steal, and upon this theory the state insists that, while the goods were delivered in parcels, the aggregate value controls the grade of the offense. On this phase of the case, the theory of appellant is that each delivery constituted a separate sale and transaction, and that upon the value of the property delivered in each instance would depend the grade of the offense. There was evidence supporting appellant's theory. In fact, his evidence presented the theory of innocent purchase, while that of the state presented the theory of guilty knowledge. In the state's testimony, while it was contended that the appellant had agreed with the thieves that he would buy their loot, it was not contended that a price was agreed upon, but it was undisputed that the sales were not completed until negotiations were made in which the price was agreed upon. The appellant requested special charges presenting his theory that if the transaction constituted separate sales, his offense, if guilty, would be that of a misdemeanor; it being conceded that it required the entire property to exceed the value of $50. There was error in refusing to submit this theory. The state insists, however, that this was harmless, for the reason that there was a general verdict which includes the offense of concealing the property, and that that verdict should be applied to the aggregate value and not to each separate transaction. This is based upon evidence to the effect that after receiving the property the appellant denied his possession. The court did not submit the theory of mis-

demeanor at all. This was involved both with reference to receiving and concealing. The total value of the property, as alleged in the indictment, is but $51. There was evidence tending to show that its aggregate value was much less than that sum, in which event, under any phase of the case, a conviction of a misdemeanor only would have been authorized. It further appeared that one of the shotguns had been sold by the appellant, and if he received the property in innocence of the theft, and subsequently concealed it after learning of the theft, the offense of concealment would have related only to such property as he had in his possession at the time he learned that it was stolen, and this would have eliminated the value of the shotgun that he had sold, provided that at the time he sold it he was not aware that it was stolen. That he had such knowledge before it was sold was an issue of fact upon which the burden was upon the state. The grade of the offense of receiving all of the property in one transaction was for the jury upon the conflicting evidence as to the aggregate value. Whether it was one transaction or several was likewise a matter for their solution, as was also the value of the property in his possession at the time he concealed it, if he did so, knowing it to be stolen. There was error in refusing to submit these matters to the jury.

[6] There was evidence that appellant on another occasion, about the same time of the alleged offense, had received from Brittian a stolen kodak, which was found in the trunk of the appellant and the possession of which he denied. From Brittian's testimony it appeared that this kodak was delivered in pursuance of the general agreement with the appellant that he would purchase stolen property from Brittian. In view of the fact that the evidence introduced by the appellant affirmatively presented the theory of innocent possession of the property described in the indictment, which was found in his possession, we think there was no error in receiving evidence touching his possession of the stolen kodak with knowledge of his unlawful act. It is said by Mr. Wharton, in his work on Evidence, vol. 1, § 35:

"In prosecutions for receiving stolen goods guilty knowledge is the gist or substance of the offense to be established by the prosecution. Evidence of collateral offenses is admissible to establish such knowledge."

See, also, section 36, p. 140. We think the facts disclosed bring the evidence mentioned within one of the exceptions to the rule excluding evidence of collateral offenses. See Morgan v. State, 31 Tex. Cr. R. 1, 18 S. W. 647; also 62 L. R. A. p. 273, note.

The evidence touching other stolen property which did not come to the possession of the appellant we think was irrelevant. In limiting the evidence of extraneous transac-

tions, the charge of the court infringed the rule against charging on the weight of the evidence. On another trial, if the evidence relating to the kodak is received, it should be limited to the purpose of establishing intent or guilty knowledge in an instruction so framed as to properly guard the rights of appellant.

The remarks of counsel complained of will not occur upon another trial, and we deem a discussion of them and the other questions raised unnecessary.

For the errors pointed out, the judgment is reversed, and the cause remanded.

---

⬢⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes