## JIMMIE PINE V. THE STATE.

No. 19564. Delivered April 20, 1938.

The opinion states the case.

*Cecil R. Glass,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of knowingly receiving and concealing stolen property over the value of $50.00 and his punishment was assessed at confinement in the State Penitentiary for a term of two years.

The evidence adduced upon the trial shows that on three different nights, appellant received from Nathan Coleman, Nathaniel Willis and Tom Robinson, a quantity of cotton seed aggregating 1,660 pounds. The value of the seed received on any of the nights in question did not amount to the value of $50.00. Appellant admitted that the three negroes brought the cotton seed to his barn on different occasions and requested him to sell the seed for them; that he did so, receiving therefor $30.70. That at the time he received the seed and at the time he sold them, he did not know that they were stolen seed. The State's testimony as to the value of the seed was controverted.

Appellant has raised a number of interesting questions upon which he relies for a reversal. One of his main contentions is that the court erred in charging the jury that if they believed from the evidence beyond a reasonable doubt that the defendant received and concealed 1,660 pounds of cotton seed from Coleman and Willis and that he knew that said cotton seed had been acquired by theft and were of the value of $50.00 or more, then to find defendant guilty as charged in the first count of the indictment and assess his punishment at confinement in the State Penitentiary for a term of years not less than two nor more than ten.

Appellant insists that if he is guilty of receiving and concealing stolen property at different times, that each act constituted a separate and distinct offense; that if none of the deliveries received and concealed by him on each of the several occasions was of the value of $50.00 or over, he could not be guilty of a felony but only of a misdemeanor; that therefore the court's instruction to the jury was erroneous.

We believe that there is some merit in his contention. Especially is this true if he knew the seed were stolen at the time of receiving. If he did not know until after their receipt that they were stolen, but learned of it before he disposed of them and then concealed the entire amount, said amount being of the value of $50.00 or over, then such charge might have been applicable. See Lockhead v. State, 85 Texas Crim. Rep. 459; Cody v. State, 31 Texas Crim. Rep. 183; Stallings v. State, 29 Texas Crim. App. 220. We think that the charge complained of did not pertinently apply the law to the facts.

Appellant also, in due time, objected to paragraph ten of the court's charge, wherein the court instructed the jury that Coleman and Willis were accomplices and that before the jury would be authorized to convict him upon their confessions it would be necessary for said accomplices to be corroborated upon both the theft of the property and the act of receiving and concealing. That even though the jury believed the confessions of Coleman and Willis to be true, still they could not convict the defendant unless they further believed that there was other testimony outside of said confessions tending to connect the defendant with the commission of the offense charged. The confessions of Coleman and Willis were only admissible as evidence showing their theft of the seed and the court correctly, in paragraph eight of his charge, limited the same to that purpose. See Donegan v. State, 229 S. W. 857; Hoyt v. State, 228 S. W. 936.

It is obvious that the instruction in paragraph ten is contradictory to the instruction in paragraph eight and was calculated to confuse the jury.

Appellant also complains of the action of the court in declining to permit him to prove by witnesses, his reputation as an honest, law-abiding citizen. This trait of character was admissible, because the offense charged involved moral turpitude. See Cockrell v. State, 95 S. W. (2d) 408; Browder v. State, 18 S. W. 197.

We are also of the opinion that the appellant should have been permitted to show how many bushels there are in one hundred pounds of cotton seed and to prove the market value per bushel of the kind and character of the seed in question.

We are also of the opinion that the appellant had a right to show that Coleman and Willis were available to the State as witnesses, but that the State had failed to use them.

Evidence of the reception of corn and other cotton seed from Coleman, Willis, and Robertson on other occasions than the one in question was admissible as a circumstance tending to show

knowledge on the part of appellant that the property had been stolen. See Poon v. State, 48 S. W. (2d) 307.

For the errors hereinabove discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.